UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARCIA BELL<br>18526 Scottsdale Blvd<br>Shaker Heights, OH 44122 | )<br>)<br>) | CASE NO.<br><br>JUDGE |
| on behalf of herself and all others similarly situated, | )<br>)<br>) | MAGISTRATE JUDGE |
| Plaintiff, | )<br>)<br>) | **PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |
| vs. | ) | |
| ALTIMATE CARE LLC<br>c/o Statutory Agent L & M Statutory Agent, LLC<br>100 N. Main Street, Ste 350<br>Chagrin Falls, OH 44022 | )<br>)<br>)<br>)<br>)<br>) | |
| Defendant. | ) | |

Now come Plaintiff, Marcia Bell, by and through counsel, and for her Complaint against Altimate Care, LLC ("Altimate Care") states and alleges the following:

## INTRODUCTION

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's failure to pay Plaintiff and other similarly situated employees overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek, and for all hours worked in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

**PARTIES**

5. At all times relevant herein, Plaintiff was a citizen of the United States, and a resident of Cuyahoga County, Ohio.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

7. At times relevant herein, Defendant maintained its principal places of business in Cuyahoga County, Ohio.

8. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

9. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 206-207.

12. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. 216(b).

## FACTUAL ALLEGATIONS

13. Defendant provides home care and health care assistance to patients.

14. Plaintiff was employed by Defendant as an LPN between August 2017 and March 2019.

15. Plaintiff is a Licensed Practical Nurse ("LPN").

16. Other similarly-situated employees were employed by Defendant as LPNs, home health aides, and CNAs.

17. While employed by Defendant, Plaintiff and other similarly situated employees were responsible for travelling to patient's homes and providing home care and health care assistance to patients.

18. Upon information and belief, Plaintiff and other similarly situated employees were employed by Defendant as non-exempt employees under the FLSA.

19. Defendant paid Plaintiff and other similarly situated employees an hourly wage.

**(Failure to Pay Overtime Compensation)**

20. Plaintiff and other similarly situated employees regularly worked over 40 hours per week. Plaintiff estimates that she worked on average approximately 45-50 hours per workweek.

21. Rather than paying overtime compensation, Defendant paid Plaintiff and other similarly situated employees straight time for the hours they worked over 40 each workweek.

22. Defendants knowingly and willfully failed to pay Plaintiff overtime compensation for the overtime hours she worked.

**(Failure to Pay For All Hours Worked)**

23. In addition, Plaintiff and other similarly situated employees were not paid for all of the hours they worked.

24. Instead, Plaintiff and other similarly situated employees were only paid for the time they worked at client appointments.

25. Defendant failed to pay Plaintiff and other similarly situated employees the time they worked between appointments, including driving to and from client homes.

26. These activities occurred between the commencement of their first principal activity and the completion of their last principal activity during the workday, and thus, are compensable under the continuous workday rule.

27. As a result of Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for all of the work they performed between client appointments, Plaintiffs and other similarly situated employees were denied significant amounts of overtime compensation.

**(Failure to Pay Minimum Wage)**

28. Plaintiff and other similarly situated employees were frequently paid less than the applicable minimum wage for all of the hours they worked each workweek.

29. Plaintiff and other similarly situated employees' pay checks were often shorted hours in that Plaintiff and other similarly situated employees were paid for less hours than they actually worked.

30. Defendant told Plaintiff and other similarly situated employees that the missing hours would be paid on the next pay check.

**(Failure to Keep Accurate Records)**

31. Defendant failed to make, keep and preserve accurate records of the unpaid work performed by Plaintiff and other similarly situated employees, including time worked between client appointments.

**(Defendant Willfully Violated the FLSA)**

32. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA and OMFWSA.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff brings Count One of this action on her own behalf pursuant to 29 U.S.C. 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

34. The class which Plaintiffs seek to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff herself is a member, is composed of and defined as follows:

> All current and former LPNs, home health aides, and CNAs employed by Altimate Care at any time between April 4, 2016 and the present.

35. The amount of some of the overtime hours Plaintiff and other similarly situated employees worked are reflected on their time sheets and pay stubs.

36. Plaintiff estimate that on average they worked approximately 45-50 hours per week.

37. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, aver that it consists of at least 100 persons.

38. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. 216(b) as to claims for unpaid overtime compensation, unpaid minimum wages, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees are acting on behalf of their interests as well as her own in bringing this action.

39. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, unpaid minimum wages, liquidated damages, attorneys' fees and costs under the FLSA and OMFWSA.

## CLASS ACTION ALLEGATIONS

40. Plaintiff brings Count Two of this action to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and all other members of the class ("the Ohio Class") defined as:

> All current and former LPNs, home health aides, and CNAs employed by Altimate Care at any time between April 4, 2016 and the present.

41. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at the time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of at least 100 persons.

42. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

> (a) whether Defendant failed to pay overtime compensation to its employees for hours worked in excess of 40 each workweek;
>
> (b) whether Defendant failed to pay its employees for work performed between client appointments; and
>
> (c) what amount of monetary relief will compensate Plaintiff and other members of the class for Defendant's violation of R.C. 4111.03 and 4111.10.

43. The claims of the named Plaintiff are typical of the claims of other members of the Ohio Class. Named Plaintiff's claims arise out of the same uniform course of conduct by

Defendant, and are based on the same legal theories, as the claims of the other Ohio Class members.

44. Named Plaintiff Marcia Bell will fairly and adequately protect the interests of the Ohio class. Here interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

45. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

46. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
**(Fair Labor Standards Act Violations)**

47. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

48. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. § 207.

49. Defendant's practice and policy of not paying Plaintiff and other similarly employees for work performed between client appointments violated the FLSA, 29 U.S.C. § 207.

50. Defendant's practice and policy of not paying Plaintiff and other similarly employees the minimum wage for all hours worked violated the FLSA, 29 U.S.C. § 206.

51. Defendant's failure to keep accurate records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the FLSA, 29 C.F.R. § 516.2(a)(7).

52. By engaging in the above-mentioned activities, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

53. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees has been damaged in that they have not received overtime due to them pursuant to the FLSA.

### COUNT TWO
### (OMFWSA Overtime Violations)

54. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

55. Defendant's failure to pay Plaintiff and other similarly situated employees overtime compensation at the rate of one and one-half times her regular rate of pay for the hours they worked over 40 each workweek violated the OMFWSA, R.C. §§ 4111.03 and 4111.10.

56. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for work performed between client appointments violated the OMFWSA, R.C. § 4111.03.

57. Defendant's failure to keep accurate records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the OMFWSA, R.C. § 4111.08.

58. By engaging in the above-mentioned activities, Defendant willfully, knowingly and/or recklessly violated the provisions of the OMFWSA.

59. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received overtime due to them pursuant to the OMFWSA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action, and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B. Order prompt notice, pursuant to 29 U.S.C. 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the class she represents actual damages for unpaid overtime compensation and minimum wages;

D. Award Plaintiff and the class she represents liquidated damages equal in amount to the unpaid overtime wages found due to Plaintiff and the class;

E. Award Plaintiff and the class she represents liquidated damages calculated as an additional two times the amount of unpaid minimum wages found due to Plaintiff and the class under the OMFWSA;

F. Award Plaintiff and the class she represents pre- and post-judgment interest at the statutory rate;

G. Award Plaintiff and the class she represents attorneys' fees, costs, and disbursements; and

H. Award Plaintiff and the class she represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Lori M. Griffin
Lori M. Griffin (0085241)
Chastity L. Christy (0076977)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
lori@lazzarolawfirm.com
chastity@lazzarolawfirm.com
anthony@lazzarolawfirm.com
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Lori M. Griffin
One of the Attorneys for Plaintiff