UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARCIA BELL, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> ALTIMATE CARE, LLC <br><br> Defendant. | CASE NO. 1:19-cv-00751 <br><br> JUDGE DONALD C. NUGENT <br><br> **PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION, EXPEDITED OPT-IN DISCOVERY, AND COURT-SUPERVISED NOTICE TO POTENTIAL OPT-IN PLAINTIFFS** |

Plaintiff Marcia Bell, on behalf of herself and all others similarly situated, respectfully moves this Honorable Court, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and Fed. R. Civ. P. 26(d) and 83(b), for an Order conditionally certifying this case as a collective action and implementing a procedure, described in the accompanying Proposed Order (Exhibit 1), whereby prospective opt-in plaintiffs will be notified of Plaintiff's FLSA claims and given an opportunity to join this action as party plaintiffs. Such relief is appropriate for the reasons discussed in the attached Memorandum in Support.

Respectfully submitted,

 /s/ Chastity L. Christy
Chastity L. Christy (0076977)
Anthony J. Lazzaro (0077962)
Lori M. Griffin (0085241)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
chastity@lazzarolawfirm.com
Attorneys for Plaintiff and Opt-In Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARCIA BELL, on behalf of herself and all others similarly situated, ) | CASE NO. 1:19-cv-00751 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| vs. ) | |
| ) | **MEMORANDUM IN SUPPORT OF** |
| ALTIMATE CARE, LLC ) | **PLAINTIFF'S MOTION FOR** |
| ) | **CONDITIONAL CERTIFICATION,** |
| Defendant. ) | **EXPEDITED OPT-IN DISCOVERY, AND** |
| ) | **COURT-SUPERVISED NOTICE TO** |
| ) | **POTENTIAL OPT-IN PLAINTIFFS** |

## I. INTRODUCTION

On April 4, 2019, Plaintiff Marcia Bell initiated this collective action against Altimate Care, LLC as a result of Defendant's practices and policies of not paying its non-exempt LPNs, home health aides, and CNAs, including Plaintiff, overtime compensation at the rate of one and one-half times their regular rates of pay for the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.SC. 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

Plaintiff pursues these claims as Representative Plaintiff, on behalf of herself and other similarly-situated employees. She does so pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the Act for unpaid minimum wages, overtime compensation, and liquidated damages "may be maintained against any employer… by any one or more employees for and on behalf of herself or themselves and other employees similarly situated."

1

Section 16(b) of the FLSA specifies that "[n]o employee shall be a party plaintiff to any action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." Thus, FLSA actions like this one are "collective actions," and require other affected individuals to "opt into" the litigation. *See Albright v. Gen. Die Casters, Inc.*, 5:10-CV-480, 2010 WL 6121689, *2 (N.D. Ohio July 14, 2010) ("under the FLSA a putative plaintiff must affirmatively opt into the class"); *Jackson v. Papa John's USA, Inc.*, No. 1:08-CV-2791, 2009 WL 385580, *4 (N.D. Ohio Feb. 13 2009) (same).

Conditional certification is appropriately considered early in an FLSA collective action so that court-authorized notice can be given to potential opt-in plaintiffs. Notably, four (4) other individuals, in addition to Representative Plaintiff, have already opted into this case by submitting written consents. (See Doc. Nos. 3 and 5, Notice of Filing Consent Forms filed on April 5, 2019 and April 17, 2019.). Before additional individuals opt in, the potential opt-in plaintiffs need to be notified of the present collective action and their right to join this action. Only through proper notification will they have the opportunity to determine whether they would like to participate.

As shown below, Representative Plaintiff has amply satisfied the "modest factual showing" required for conditional certification and the issuance of notice. *Comer v. Wal-Mart Stores*, 454 F.3d 544, 546, 548 (6th Cir. 2006). Accordingly, the Court should conditionally certify this action as a collective action and order that notice be given to potential opt-ins of their right and opportunity to join in the action pursuant to 29 U.S.C. § 216(b).

**II.    CONDITIONAL CERTIFICATION AND ISSUANCE OF NOTICE TO POTENTIAL OPT-IN PLAINTIFFS IS WARRANTED UNDER SECTION 16(B) OF THE FLSA UPON A "MODEST FACTUAL SHOWING"**

Courts in this Circuit have recognized that a collective action under the FLSA "furthers

2

several important policy goals." *Albright,* 2010 WL 6121689, at *1; *Jackson,* 2009 WL 385580, at *3. These goals, the court explained, were identified by the Supreme Court in *Hoffman-LaRoche v. Sperling*, 493 U.S. 165 (1989):

> First, the collective action "allows... plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources." Second, "[t]he judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity."

*Albright,* 2010 WL 6121689, at *1 (quoting *Hoffman-LaRoche*, 493 U.S. at 170); *Jackson*, 2009 WL 385580, at *3 (same).

Three essential principles have guided the courts' implementation of the policy goals recognized in *Hoffman-LaRoche*: (1) conditional certification enables managerial responsibility over the notice process so that opt-in plaintiffs can be notified in an efficient and proper way; (2) managerial control over the notice process should be exercised early in a case; and (3) conditional certification and notice should be approved based only upon a "modest factual showing."

    **A.**     **Conditional Certification Enables the District Court to Exercise Managerial Responsibility Over the Notice Process**

*Hoffman-LaRoche* held that in a collective action, the district court "has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Hoffman-LaRoche*, 493 U.S. at 170-71. In the Sixth Circuit and elsewhere, district courts routinely play an active role in the opt-in discovery and notice process. *Albright,* 2010 WL 6121689, at *2-3; *Jackson,* 2009 WL 385580, at *4-5; *Douglas v. GE Energy*, No. 1:07-cv-77, 2007 WL 1341779, at *8 (N.D. Ohio April 30, 2007); *Miklos v. Goldman-Hayden Cos., Inc.*, No. 99-CV-1279, 2000 WL 1617969, at *2 (S.D. Ohio Oct. 24, 2000); *Brown v. Money Tree Mortgage, Inc.*, No. 2651-JWL, 222 F.R.D. 676 (D. Kan. Aug. 23,

3

2004); *Bradford v. Bed Bath & Beyond, Inc.*, 184 F. Supp. 2d 1342, 1345 (N.D. Ga. 2002); *Kane v. Gage Merch. Serv., Inc.*, 138 F. Supp 2d 212, 215 (D. Mass. 2001); *Morisky v. Public Serv. Elec. and Gas Co.*, 111 F. Supp. 2d 493, 497 (D. N.J. 2000); *Realite v. ARK Restaurants Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998).

  **B.** **Managerial Control Over the Notice Process Should Be Exercised Early in the Case**

*Hoffman-LaRoche* held that "it lies within the discretion of a district court to begin its involvement early, at the point of the initial notice, rather than at some later time." *Hoffman-LaRoche*, 493 U.S. at 171. In *Jackson*, this Court catalogued the benefits of "early judicial intervention" in the notice process:

> In *Hoffman-LaRoche*, the Supreme Court also noted the "wisdom and necessity for early judicial intervention in the management of litigation." When dealing with a collective action, a "trial court can better manage [the] action if it ascertains the contours of the action at the outset." Additionally, "[b]y monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative. Both the parties and the court benefit from settling disputes about the content of the notice before it is distributed."

*Jackson*, 2009 WL 385580, at *4 (citations omitted) (quoting *Hoffman-LaRoche*, 493 U.S. at 171-72); *Albright,* 2010 WL 6121689, at *2 (same). *See also Braunstein v. Eastern Photographic Labs, Inc.*, 600 F.2d 335, 336 (2d Cir. 1978), *cert. denied*, 441 U.S. 944 (1979) (early facilitation of the opt-in process furthers the "broad remedial purpose" of the FLSA); *Myers v. Hertz Corp.*, 624 F.3d 537, 555 n.10 (2d Cir. 2010) (conditional certification's sole effect is "to facilitate the sending of notice to potential class members").

  Early facilitation of the notice process is essential to the opt-in plaintiffs as well. The benefits of an FLSA collective action "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make an informed

4

decision about whether to participate." *Hoffman-LaRoche*, *supra,* 493 U.S. at 170. *Accord Douglas*, 2007 WL 1341779, at *3; *Miklos*, 2000 WL 1617969, at *4.

Indeed, for potential opt-in plaintiffs, time is of the essence. Unlike Rule 23 class actions, the commencement of an FLSA collective action does not toll the running of the statute of limitations for putative class members. Rather, pursuant to the FLSA and the Portal-To-Portal Act, an opt-in plaintiff's claim against the employer is not commenced until the date his or her written consent to join the collective action is filed with the district court. *See* 29 U.S.C. §§ 216(b) and 256. *See Cahill v. City of New Brunswick*, 99 F. Supp. 2d 464, 479 (D.N.J. 2000). The district court's involvement "ensures that all potential plaintiffs receive timely notice of a pending suit." *Garner v. G.D. Searle*, 802 F. Supp. 418, 422 (M.D. Ala. 1991). *Accord Hoffman-La Roche*, 493 U.S. at 170; *Miklos*, 2000 WL 1617969, at *3.

### C. Courts Generally Approve Conditional Certification and Notice Based Only Upon a "Modest Factual Showing"

Section 16(b) of the FLSA expressly authorizes a collective action to be maintained "by any one or more employees" on behalf of "themselves and other employees similarly situated." To determine "whether proposed co-plaintiffs are, in fact, similarly situated for the purposes of the statute's requirements," the courts "have used a two-phase inquiry." *Comer*, 454 F.3d at 546. *See also Ziemski v. P & G Hospitality Group, LLC*, No. 1:10-CV-2920, 2011 WL 1366668, *1 (N.D. Ohio Apr. 12, 2011) ("The Sixth Circuit expressed approval for the two-phase test developed by the district courts in the Sixth Circuit"); *Albright,* 2010 WL 6121689, at *2 ("courts have developed a two-stage approach"); *McNelley v. ALDI, Inc.*, 1:09-CV-1868, 2009 WL 7630236, *2 (N.D. Ohio Nov. 17, 2009) ("Courts generally use a two-stage approach"); *Jackson*, 2009 WL 385580, at *4 ("courts have developed a two-stage approach"); *Douglas*, 2007 WL 1341779, at *8 (this "court adopts the two-tiered approach"); *Harrison v. McDonald's*

5

*Corp.,* 411 F.Supp.2d 862, 864-65 (S.D. Ohio 2005) ("[c]ourts have generally adopted a two-tiered certification approach").

As the Sixth Circuit explained in *Comer*, the first phase, which the court referred to as "the notice stage," "takes place at the beginning of discovery." *Comer*, 454 F.3d at 546. At this stage, the court conditionally certifies a class as a "collective action for notice purposes." *McNelley*, at *4. "The second occurs after all of the opt-in forms have been received and discovery has concluded." *Comer*, 454 F.3d at 546. At the second stage, "a court makes a final determination on whether class members are similarly situated based on a thorough review of the record." *McNelley*, at *4.

At "the notice stage," the representative plaintiff must show "only that 'his position is similar, not identical, to the positions held by the putative class members,'" and this determination "need only be based on a modest factual showing." *Comer*, 454 F.3d at 548 (quoting *Pritchard v. Dent Wizard Int'l*, 210 F.R.D. 591, 596 (S.D. Ohio 2002) (quoting *Viciedo v. New Horizons Computer*, 246 F.Supp.2d 886 (S.D. Ohio 2001)); *Allen v. Marshall Field & Co.*, 93 F.R.D. 438, 443 (N.D. Ill. 1982)). The determination "is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class.'" *Comer*, 454 F.3d at 547 (quoting *Morisky v. Public Serv. Elec. & Gas Co.,* 111 F. Supp. 2d 493, 497 (D.N.J. 2000) (quoting *Thiessen v. General Elec. Capital Corp.*, 996 F. Supp. 1071, 1080 (D. Kan. 1998); *Roebuck v. Hudson Valley Farms, Inc.*, 239 F. Supp. 2d 234, 238 (N.D.N.Y. 2002)).

Courts, including this Court, find that the representative plaintiff's burden is minimal at the notice stage. *See Luster v. AWP, Inc*., No. 1:16-CV-2613, *4 (N.D. Ohio July 25, 2017)(Plaintiff satisfies "slight" burden and entitled to conditional certification when alleging in complaint and declarations that she and opt-in plaintiffs were not compensated for drive time);

6

*Houston v. Progressive Cas. Ins. Co.*, No. 1:15-CV-1853, 2015 WL 8527339, *1 (N.D. Ohio Dec. 11, 2015) (During the first stage, which typically takes place at the beginning of discovery, the standard for conditional certification is "fairly lenient."); *Ribby v. Liberty Health Care Corp.*, No. 3:13-CV-613, 2013 WL 3187260 (N.D. Ohio June 20, 2013) ("the notice stage is fairly lenient and places a low burden on plaintiffs"); *Albright,* 2010 WL 6121689, at *3; *Jackson*, 2009 WL 385580, at *4; *Douglas*, 2007 WL 1341779, at *8; *Harrison v. McDonald's Corp.,* 411 F. Supp. 2d 862, 864-65 (S.D. Ohio 2005); *Pritchard,* 210 F.R.D. at 595.  See also *Reab v. Electronic Arts, Inc.*, 214 F.R.D. 623, 628 (D. Colo. 2002) (granting conditional certification based largely on the allegations of the complaint, where 3,000 potential opt-in plaintiffs existed).

Other circuit courts concur that a plaintiff's burden at the notice stage is minimal.  See *Cameron-Grant v. Maxim Healthcare Serv., Inc.*, 347 F.3d 1240, 1243 (11th Cir. 2003) (citing *Hipp*, 252 F.3d at 1218 (11th Cir. 2001) ("At the notice stage, the district court makes a decision — usually based only on the pleadings and any affidavits which have been submitted — whether notice of the action should be given to potential class members.  Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification.'"); *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001), *cert. denied*, 536 U.S. 934 (2002) (notice determination "requires[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan").

It is only "[a]t the second stage, following discovery, [that] trial courts examine more closely the question of whether particular members of the class are, in fact, similarly situated." *Comer*, 454 F.3d at 547; *Albright,* 2010 WL 6121689, at *3; *Jackson*, 2009 WL 385580, at *5. At that point "the court has much more information on which to base its decision and, as a result,

7

[it] employs a stricter standard." *Comer*, 454 F.3d at 547 (citing *Morisky v. Public Serv. Elec. & Gas Co.*, 111 F.Supp.2d 493, 497 (D.N.J. 2000)). *See also Goldman v. Radioshack Corp.*, No. 03-CV-0032, 2003 WL 21250571, at *8 (E.D. Pa. Apr. 16, 2003) ("A fact-specific inquiry is conducted only after discovery and a formal motion to decertify the class is brought by the defendant…. It is simply premature to do so now because we lack sufficient evidence to conduct a more rigorous inquiry."); *Mueller v. CBS, Inc.*, 201 F.R.D. 425, 428 (W.D. Pa. 2001) (holding that the second stage comes after the "putative class members have filed their consents to opt-in and further discovery has taken place to support plaintiff's assertions… and the matter is ready for trial.").

### III. PLAINTIFF HAS SATISFIED HER MODEST BURDEN OF SHOWING THAT THE POTENTIAL OPT-IN PLAINTIFFS IN THIS FLSA COLLECTIVE ACTION ARE SIMILARLY-SITUATED

More than sufficient information exists in the present collective action to establish that the potential opt-in plaintiffs are similarly situated such that prompt notice of the action should be given. First, Representative Plaintiff Marcia Bell alleged in her Complaint and submitted a declaration stating that she and the potential opt-in plaintiffs are similarly situated. (See Exhibit 2, Declaration of Consent of Marcia Bell). Second, Opt-In Party Plaintiffs Levonia Robinson, Mary Hooks, Clareese Gholson, and Tina Husted have submitted declarations establishing that they are similarly situated to Representative Plaintiff and the potential opt-in plaintiffs. (See Exhibit 3, Declarations of Opt-In Plaintiffs.)

#### A. Representative Plaintiff Marcia Bell Alleged in Her Complaint and Submitted a Declaration Stating That She and the Potential Opt-in Plaintiffs are Similarly-Situated

In Representative Plaintiff's Complaint, she defined the class as follows:

> All current and former LPNs, home health aides, and CNAs
> employed by Altimate Care at any time between April 4, 2016 and

8

the present.

(Doc. No. 1, ¶ 34.) Representative Plaintiff and the class are similarly situated in several ways. First, they are/were employed by Defendant as LPNs, home health aides, and/or CNAs. (*Id*. at ¶¶ 14, 15, 16, 34.) Second, they were classified by Defendant as non-exempt employees. (*Id*. at ¶ 18.) Third, they were paid by Defendant on an hourly basis. (*Id*. at ¶ 19.) Fourth, they were paid only straight time for the hours they worked. (*Id*. at ¶ 21.) Fifth, they were only paid for work performed during client appointments and were not paid for work performed between client appointments, such as between client homes. (*Id*. at ¶ 25.) Sixth, they work/worked in excess of 40 hours per week. (*Id*. at ¶¶ 1, 20, 21.) Seventh, they were not paid overtime compensation at the rate of one and a half times their hourly rate for the hours they worked in excess of 40 each workweek. (*Id*. at ¶¶ 1, 48.) In addition to the allegations in Plaintiff's Complaint, Representative Plaintiff submitted a declaration stating that she and the potential opt-in plaintiffs are similar in these regards. Representative Plaintiff Marcia Bell declared:

1. I was employed by Altimate Care, LLC ("Defendant") as a non-exempt License Practical Nurse ("LPN") between approximately August 2017 and March 2019.
2. During my employment, Defendant paid me on an hourly basis.
3. During my employment, Defendant paid me only straight time for the hours that I worked.
4. I regularly worked over 40 hours per week. On average, I worked five (5) to ten (10) overtime hours per week.
5. In addition, Defendant paid me only for work performed during client appointments and did not pay me for work performed between client appointments, such as driving to and from client homes.

9

6. Defendant did not pay me overtime compensation at the rate of one and a half times my hourly rate for the hours I worked over 40 in each workweek.

7. As a result of Defendant's practices and policies, I was not compensated for all of the time I worked, including all of the overtime hours I worked over 40 each workweek.

8. I observed that Defendant engaged in the same pay practices with respect to other non-exempt LPNs, home health aides, and/or CNAs, and I believe I am similarly-situated to these employees.

9. I seek to recover unpaid overtime compensation from Defendant under the FLSA, and consent to be a named Plaintiff in the above-captioned collective action. I agree to be bound by any adjudication of this action by the Court, and any collective action settlement approved by this Court as being fair, adequate, and reasonable.

10. I consent to bring this action on behalf of myself and a class of similarly-situated opt-in plaintiffs defined as follows:

    > All current and former LPNs, home health aides, and CNAs employed by Altimate Care at any time between April 4, 2016 and the present.

11. I believe that I am similarly situated to the class of opt-in plaintiffs because, during my employment with Defendant, I observed that the class and I:

    (a) are/were employed by Defendant as LPNs, home health aides, and/or CNAs;

    (b) are/were paid on an hourly basis;

    (c) are/were classified by Defendant as non-exempt employees;

    (d) are/were paid only straight time for the hours we worked;

    (e) are/were paid only for work performed during client appointments and not for work performed between client appointments, such as driving to and from client homes;

  (f) work/worked in excess of 40 hours in a workweek; and

  (g) are/were not paid overtime at the rate of one and one-half times our regular rates of pay for all of the hours we worked over 40 in a workweek.

(*See* Exhibit 2, Declaration of Consent of Marcia Bell.)

Thus, Representative Plaintiff has sufficiently alleged that she and the potential opt-in plaintiffs are similarly situated. These specific and substantial allegations alone warrant conditional certification. *Reab,* 214 F.R.D. at 628.

  **B.** **The Opt-in Party Plaintiffs Submitted Declarations Establishing That They Are Similarly Situated to Representative Plaintiff and The Potential Opt-In Plaintiffs**

In addition to Representative Plaintiff's allegations, Opt-In Party Plaintiffs Levonia Robinson, Mary Hooks, Clareese Gholson, and Tina Husted, who already opted in to this collective action as a party Plaintiffs pursuant to 29 U.S.C. § 216(b), have filed with the Court Notices of Consent, and have each provided a declaration establishing that they are similarly situated to Representative Plaintiff and the potential opt-in plaintiffs. They have stated:

1. I was/am employed by Altimate Care in the following position(s): Home Health Aide, LPN, CNA.

3. I regularly worked over 40 hours per week, but I was not paid overtime at the rate of one and one-half times my regular rate of pay for all of the hours I worked over 40 per week.

4. Instead, I was only paid straight time for some of the overtime hours I worked.

5. In addition, I was not paid for all of the time I worked, such as driving to and from client homes.

6. As a result of Altimate Care's practices and policies, I was not compensated for the overtime hours I worked over 40 in a workweek.

7. I observed that Altimate Care did this to other home health aides, and I believe I am similarly-situated to these employees.

11

(*See* Exhibit 3, Declarations of Opt-In Party Plaintiffs.)

The allegations in Plaintiff's Complaint, as well as these five (5) declarations are more than sufficient evidence to warrant conditional certification. *See Hane v. On Time Securing, Inc.*, No. 5:16-CV-2002, 2017 WL 4169646, at *4 (N.D. Ohio Sept. 20, 2017)(amended complaint and declarations of two (2) opt-ins sufficient for conditional certification); *Murton v. Measurecomp, LLC*, No. 1:07CV3127, 2008 WL 5725631, at *1 (N.D. Ohio June 9, 2008)(conditional certification granted based on declaration of plaintiff and one (1) additional employee); *Ouellette v. Ameridial, Inc.*, No. 5:16-CV-2144, 2017 WL 2972636, at *4 (N.D. Ohio July 12, 2017)(conditional certification granted based solely on declaration of plaintiff and consent form showing one (1) potential opt-in); *Schwab v. Bernard*, No. 5:11CV1216, 2012 WL 1067074, at *4 (N.D. Ohio Mar. 28, 2012)(conditional certification granted based on affidavits of plaintiff and two (2) employees); *Barnhill, et al. v. Renaissance Home Health Care, Inc., et al.*, No.: 1:17-cv-00815 (N.D. Ohio October 6, 2017)(conditional certification granted based on declarations of representative plaintiff and two employees); *Bauer v. Transtar Industries, Inc.*, No. 1:15-cv-2602, 2016 WL 1408830, *3 (N.D. Ohio 2016) (declaration of representative plaintiff and two (2) opt-in plaintiffs is sufficient "to meet the law threshold for showing they are similarly situated"); *Ziemski*, 2011 WL 1366668, at *2 ("affidavits of named Plaintiff and two opt-in Plaintiffs fulfills the 'modest factual showing'"); *Douglas*, 2007 WL 1341779, at *6 (two affidavits are "sufficient to warrant conditional treatment of the case as a collective action" and notice to the opt-in class); *Brown,* 222 F.R.D. at *19 (conditional certification appropriate based on allegations in a complaint supported by affidavits of two former employees); *Chapman v. LHC Grp., Inc.*, 126 F. Supp. 3d 711, 715 (E.D. La. 2015) (granting the plaintiff's request to conditionally certify a nationwide class of office managers, administrative personnel, and

12

clinical technicians based on the allegations of in the complaint and three (3) employees who say they were prohibited from recording more than 40 hours on their time sheets); *Rendon v. Glob. Tech. Sols., LLC*, No. CV 15-242, 2015 WL 8042169, at *9 (E.D. La. Dec. 4, 2015)(granting plaintiff's motion for conditional certification based solely on plaintiff's complaint and a declaration that he worked with two men who he was aware of that earned the same wages and performed the same job duties as him); *Martinez v. S. Sols. Land Mgmt. LLC*, No. 14-2366 (E.D.La. 2015)(one (1) additional opt-in plaintiff and evidence of conversations suggesting other who might join the suit); *Banegas v. Calmar Corp.*, No. CIV.A. 15-593, 2015 WL 4730734, at *5 (E.D. La. Aug. 10, 2015) ("Taken to its logical conclusion, Defendant's argument would result in a categorical rule that conditional certification of a proposed FLSA collective action is never appropriate where the complaint is not joined by multiple named plaintiffs, or where the named plaintiff does not attach affidavits of other potential class members who express an interest in joining the action. This focus on the intent of potential opt-in class members has no statutory basis in the FLSA."); *Leon v. Diversified Concrete LLC*, No. CV 15-6301, 2016 WL 2825073, at *4 (E.D. La. May 13, 2016) (plaintiff's declaration and allegations in complaint sufficient for conditional certification).

**IV.  PLAINTIFF'S PROPOSED OPT-IN DISCOVERY SHOULD BE APPROVED**

Representative Plaintiff easily meets the minimal burden of showing that she is similarly situated to the potential opt-in plaintiffs. Therefore, conditional certification of the FLSA class, expedited opt-in discovery, and court-supervised notice are warranted, as discussed above. *See* Section II(A)(2), *supra*.

To facilitate prompt notice to the potential opt-in plaintiffs, Representative Plaintiff has attached hereto a set of opt-in discovery requests (*see* Exhibit 4). Therein, Plaintiff seeks the

identity, contact information, and pertinent employment dates of all current and former LPNs, home health aides, and CNAs employed by Altimate Care at any time between April 4, 2016 and the present.

The requested information is necessary to determine the contact information for the potential opt-in plaintiffs who will be eligible to be notified of this lawsuit in the event the Court grants the instant Motion. In *Hoffman-La Roche*, the Supreme Court flatly affirmed the district court's approval of both expedited interrogatories seeking the names of potential opt-in plaintiffs and court-facilitated notice to the potential opt-ins.

As discussed above, time is of the essence, because the commencement of an FLSA collective action does not toll the running of the statute of limitations for the potential opt-in plaintiffs. Accordingly, prompt notification is necessary for the potential opt-ins to receive the full benefit of the FLSA's collective action mechanism and vindicate their FLSA rights in an economical and efficient manner. *See Hoffman-LaRoche*, 493 U.S. at 170 (the benefits of a collective action "depend on employees receiving accurate and timely notice"); *accord Douglas*, 2007 WL 1341779, at *3; *Miklos*, 2000 WL 1617969, at *3.

V.  **CONCLUSION**

For the foregoing reasons, Representative Plaintiff respectfully requests that this Honorable Court conditionally certify the proposed FLSA class and implement a procedure, set forth in the accompanying proposed order (*see* Exhibit 1), whereby potential opt-in plaintiffs are notified of Plaintiff's FLSA claims by issuing the Notice to Potential Class Members attached hereto as Exhibit 5, and given an opportunity to join this collective action as party plaintiffs pursuant to 29 U.S.C. § 216(b).

Respectfully submitted,

 /s/ Chastity L. Christy
Chastity L. Christy (0076977)
Anthony J. Lazzaro (0077962)
Lori M. Griffin (0085241)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
chastity@lazzarolawfirm.com
lori@lazzarolawfirm.com
Attorneys for Plaintiff and
Opt-In Plaintiffs

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 21, 2019, a copy of the foregoing *Plaintiff's Motion for Conditional Certification, Expedited Opt-In Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs, and Memorandum in Support* was sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's system.

 /s/ Chastity L. Christy
One of the Attorneys for Plaintiff and
Opt-In Plaintiffs