UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARTIA BELL, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> ALTIMATE CARE, LLC <br><br> Defendant. | CASE NO. 1:19-cv-00751 <br><br> JUDGE DONALD C. NUGENT <br><br> MAGISTRATE JUDGE THOMAS M. PARKER <br><br> **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE** |

**I.     INTRODUCTION**

Representative Plaintiff Martia Bell, on behalf of herself, the current Opt-In Plaintiffs, and the Eligible Settlement Participants (collectively "Plaintiffs") and Defendant Altimate Care LLC ("Defendant"), collectively ("the Parties") respectfully move this Honorable Court to approve the proposed Settlement reached by the Parties and memorialized in the Joint Stipulation of Settlement and Release ("Settlement" or "Agreement") attached as Exhibit 1.

The proposed settlement will resolve bona fide disputes involving overtime compensation claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as corresponding state wage-and-hour statutes.  Plaintiff asserted that Defendant violated the FLSA by failing to pay its hourly, non-exempt employees, including Plaintiff, for all hours worked, including overtime compensation at the rate of one and one-half times their regular rates of pay for the hours they worked over 40 each workweek.  Specifically, Plaintiff alleges that Defendant failed to pay them for hours worked over 40 in a single workweek and for travel time between client appointments.

If approved by the Court, the Settlement will provide for the issuance of Individuals Payments within twenty-one (21) days after the close of the Consent Period.

The Parties respectfully submit that the proposed Settlement is fair and reasonable and satisfies the criteria for approval under § 216(b) of the FLSA. The Settlement was achieved during arms-length negotiations among the Parties, conducted by experienced counsel, and was reached on November 22, 2021 with the assistance of Mediator Jerry Weiss.

The settlement documents submitted for approval or entry by the Court consist of the following:

| | | |
|---|---|---|
| Exhibit 1: | Joint Stipulation of Settlement and Release |
| Exhibit 2: | Notice of Settlement of Lawsuit, with attached Consent and Release Form |
| Exhibit 3: | Individual Settlement Agreement and Release |
| Exhibit 4: | Declaration of Lori M. Griffin |
| Exhibit 5: | Order of Dismissal and Approving Settlement |

The following sections explain the nature of the Action, the negotiations, the principal terms of the Settlement, and the propriety of approving the Settlement and its proposed distributions of settlement proceeds.

## II. Factual and Procedural Background

### A. The Action

On April 4, 2019, Representative Martia Bell filed this Action as a result of Defendant's failure to pay Plaintiff and other similarly situated employees overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek, and for all hours worked in violation of the Fair Labor Standards Act ("FLSA"), 29

U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. § 4111.03.

Specifically, Plaintiffs alleged that Defendant failed to pay them overtime compensation for hours worked over 40 in all workweeks and for travel time between client appointments.

On August 21, 2021, Plaintiff filed her Motion for Conditional Certification which Defendant did not oppose.

On October 9, 2019, the Court granted Plaintiff's Motion for Conditional Certification and certified the following class:

> All current and former LPNs, home health aides, and CNAs employed by Altimate Care, LLC at any time between April 4, 2016 and the present.

On October 25, 2019, Defendant provided Plaintiff with the names and addresses of all of its current and former LPNs, home health aides, and CNAs.

On November 8, 2019, the notice was mailed via First Class Mail to 792 putative class members. The Notice period closed on December 8, 2019. In addition to Representative Plaintiff Martia Bell, 188 individuals opted-in to the case.

On March 11, 2020, Defendant produced the time and pay records for some of the opt-in Plaintiffs.

On March 31, 2020, Defendant produced the time and pay records for Plaintiff Martia Bell.

On May 11, 2020, Defendant produced additional time and pay records for the opt-in Plaintiffs.

On May 15, 2020, Defendant produced additional time and pay records.

On May 20, 2020, Defendant produced additional time and pay records and updated this production on May 21, 2020.

On May 22, 2020, Defendant provided additional time and pay records.

3

On May 27, 2020, Defendant produced additional time and pay records.

On November 12, 2020, the mediation before Magistrate Judge Parker was postponed permitting the Parties to add the previous owners of Defendant Altimate Care as Defendants in the case.

On December 14, 2020, Plaintiff filed her Stipulated Amended Complaint (Doc. 74) adding Defendants Irene Mendyuk and Ninell Mendyuk.

On August 27, 2021, Plaintiff and Defendant Altimate Care attended mediation with Jerry Weiss. The mediation was unsuccessful, but the Parties kept negotiating. Defendants Irene Mendyuk and Ninell Mendyuk refused to participate in the mediation or subsequent settlement discussions.

### B. Negotiation of the Settlement

Between March 2020 and November 2021, the Parties engaged in an extensive exchange of information which included the initial production of time and pay information relating to information relating to Plaintiff and the Opt-Ins, and then time and pay information pertaining to the remaining individuals, performing extensive calculations to determine the alleged damages of Plaintiffs, numerous telephone discussions regarding the calculation of damages and potential resolution, and numerous motions

The Parties engaged in substantial investigation and both formal and informal discovery prior to negotiating the Settlement. Prior to filing the Action, Class Counsel performed a significant amount of research and factual investigation of the claims to set forth a factually specific and accurate Complaint for the Court and Defendant. This investigation also included a complete analysis and calculation of Plaintiffs' damages. Counsel for the Parties engaged in numerous and lengthy discussions regarding the damage calculations, Plaintiffs' claims and

4

Defendant's defenses, and an unsuccessful mediation before the Magistrate Judge. This included interviewing and obtaining declarations from numerous putative class members.

The Parties engaged in a comprehensive exchange of information regarding Plaintiffs' claims and Defendant's defenses to such claims. This included a complete analysis and calculation of Representative Plaintiff's, each Opt-In Party Plaintiff's, and the Eligible Settlement Participants' overtime damages.

Between June 2020 and November 2021, the Parties engaged in settlement negotiations, including the exchange of numerous letters and discussions between Counsel for the Parties detailing the Parties' legal and factual positions.

On November 22, 2021, in an effort to reach a compromise and to avoid the expense and burden of litigation, the Parties reached an agreement to settle the Action on the terms set forth in the Settlement Agreement.

    **C.**    **The Settlement Terms**

If approved by the Court, the Settlement will cover Representative Plaintiff, the Existing Opt-In Party Plaintiffs, and all of the Eligible Settlement Participants identified in Appendix 1 of the Settlement who elect to participate in the Settlement by signing and returning Consent and Release Forms. Because the proposed Settlement is an FLSA settlement for employees who have already opted-in, as opposed to a Rule 23 *opt-out* settlement that would bind absent class members, and because the opt-ins and eligible settlement participants already consented to Martia Bell as the Representative Plaintiff, and to be bound by any settlement and/or judgment in this case, no fairness hearing is required or requested by the Parties.[1]

---

[1] *See Moore v. Ackerman Inv. Co.*, C 07-3058-MWB, 2009 WL 2848858 (N.D. Iowa Sept. 1, 2009) ("Section 216(b) does not expressly require a 'fairness' hearing on a proposed settlement, as Rule 23 of the Federal Rules of Civil Procedure does for class actions pursuant to that rule,

The Total Settlement Amount is One Million Five Hundred Thousand Dollars ($1,500,000.00), which will cover (a) all of the Individual Payments to the Class Members; (b) Representative Plaintiff Martia Bell's Representative Plaintiff; (c) Class Counsel's attorneys' fees and expenses, including the expenses of administering the Notice to the Class.

Nine Hundred Seventy-Two Thousand Seven Hundred Seventy-Three Dollars and Forty-Five Cents ($972,773.45) of the Total Settlement Amount will be divided into Individual Settlement Payments to the Plaintiffs, which equals 91.87% of the overtime damages, including travel time, for the three-year statute of limitations period, before the deduction of the Representative Payment, attorneys' fees and expenses (59.58% after deductions).  The Individual Payments were calculated proportionally based on each Plaintiff's alleged overtime damages during the Released Period. The Individual Payments are provided in Appendix 1 of the Settlement.  Any Individual Payments to Eligible Settlement Participants who do not execute and return Consent and Release Forms will be retained by Defendant.

Seventeen Thousand Two Hundred Fifty Dollars ($17,250.00) of the Total Settlement Amount will be paid to Representative Plaintiff Martia Bell in addition to her individual payment for her service as Representative Plaintiff and in exchange for a general release of claims.

In addition, Five Hundred Thousand Dollars ($500,000.00) will be paid to Class Counsel for attorneys' fees and $9,976.55 for expenses incurred and expected to be incurred in the Action, and administration of the settlement.  This fee is reasonable in light of the benefit achieved for Plaintiffs.

---

and Rule 23 requirements are not directly applicable to a collective action pursuant to § 216(b)."); *McLean v. HSM Elec. Prot. Services, Inc.*, 607CV1680ORL28DAB, 2008 WL 4642270 (M.D. Fla. Oct. 8, 2008) (same); *Barnes v. Benzerenterprises, Inc.*, 607CV1754-ORL-22DAB, 2008 WL 4059839, (M.D. Fla. Aug. 27, 2008) ("the Court determines that there is no need for a fairness hearing").

In exchange, the Action will be dismissed, and the Plaintiffs will release Defendant Altimate Care from federal and state wage-and-hour claims, rights, demands, liabilities, and causes of action asserted in Plaintiff's Complaint, including but not limited to claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees, and expenses, pursuant to the Fair Labor Standards Act and corresponding state wage and hour statutes for the Release Period.

### III. THE PROPRIETY OF APPROVAL

The proposed Settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA. As shown in the attached Declaration of Lori M. Griffin, and as explained below, Court approval is warranted on all scores.

#### A. The Seven-Factor Standard Is Satisfied

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA § 16(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir.1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute"), citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946).

As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'" *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008). The Sixth Circuit uses seven factors to evaluate class action settlements, and the *Crawford* court applied those factors in assessing the fairness of an FLSA settlement:

7

>(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. General Motors Corp.,* 497 F.3d 615, 626 (6th Cir. 2007), citing *Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich,* 720 F.2d 909, 922-23 (6th Cir.1983), *quoted in Crawford*, 2008 WL 4724499 at *3. As shown below and in the Griffin, Declaration (*see* Exhibit 4), the standard supports approval of the Settlement.

### B. The Settlement Distributions Are Fair, Reasonable and Adequate

As a part of the scrutiny that applies to an FLSA collective action settlement, "a court must ensure that the distribution of the settlement proceeds is equitable." *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499 (E.D. Ky. Oct. 23, 2008) (citing *Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 855 (1999). All components of the proposed distribution are proper and reasonable, and the settlement as a whole is fair, reasonable and adequate for Plaintiffs.

Here, the seven-factor standard supports approval of the Settlement. The parties' counsel have extensive experience litigating FLSA claims and there is no fraud or collusion. (*See* Exhibit 4.) The expense and likely duration of continued litigation favor approval, in that wage-and-hour cases for groups of employees are always expensive and time-consuming. While only little formal discovery has yet commenced, the Parties have engaged in substantial investigation and exchange of records prior to and during the negotiations, and the issues are well understood by both sides. (*Id*. at ¶¶ 30-34.) The outcome is uncertain for Plaintiffs, and the risks of continued litigation are evident for both sides. (*Id*. at ¶ 53.) The opinions of experienced counsel of the parties support the Settlement, as does the Representative Plaintiff. (*See* Exhibit 4.)

All Individual Payments were calculated proportionally on each Plaintiff's alleged overtime damages during the Released Period. (*Id*. at ¶ 41.)

8

If approved by the Court, the Proposed Settlement will provide adequate payments to the Plaintiffs for unpaid overtime compensation. Class Counsel calculated the alleged overtime compensation owed to the Opt-In Party Plaintiffs by calculating one-half times each Class Member's weighted average hourly rate (or hourly rate) for the overtime hours they worked over 40 each workweek. Class Counsel calculated the weighted average hourly rate by dividing the gross weekly compensation paid to each employee each week by the total number of hours each employee worked each week. Travel time of one hour or less between appointments was also included in the weekly hours worked.

Class Counsel calculated the alleged overtime compensation to the Eligible Settlement Participants by adding the 8 hours of unpaid overtime compensation (the average overtime compensation worked by the Opt-In Party Plaintiffs) and multiplied those hours by one-half (.5) times the Eligible Settlement Participant's hourly rate.

**C.     Class Counsel's Fees and Expenses Are Proper and Reasonable**

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b).

Courts consistently approve a one-third fee request and Class Counsel's one-third fee request has been approved in similar collective and class actions in Federal Courts, including this Court. See, e.g., *Klaus v. Humana Pharmacy, Inc*., Case No. 1:19-cv-01025 (S.D.); *Rosenbohm v. Cellco Partnership*, Case No. 2:17-cv-00731 (S.D. Ohio); *Johnson v. New York Life Insurance Co*., Case No. 1:19-cv-01898 (N.D. Ohio); *Shumate v. Genesco, Inc.*, et al, Case No. 1:17-cv-03574 (S.D. Ind.); *Grayer, et al. v. Kennametal, Inc.*, Case No. 1:16-cv-01382 (N.D. Ohio); *Allen v. Sutherland Global Services*, Case No. 6:17-cv-6059 (W.D.N.Y); *Lawrence v. Platinum Home*

9

*Helper*, Case No. 1:17-cv-1479 (N.D. Ohio); *Fullerton v. Golden Flake Snack Foods, Inc.*, Case No. 3:17-cv- 00296 (N.D. Florida); *Miller v. Flowers Baking Co. of Ohio*, Case No. 3:17-cv-725 (N.D.NY.); *Caringi v. Relentless Recovery*, Case No. 1:16-cv-2236 (N.D. Ohio); *Tabor v. A Better Alternative to Senior Care, Inc.,* Case No. 1:16-cv-1281 (N.D. Ohio); *Castro v. Heart Home Care, LLC*, Case No. 1:16-cv-571 (N.D. Ohio); *Bainbridge v. Medline Industries*, Case No. 5:16-cv-00555 (N.D. Ohio); *Terry v. All Hearts Home Health Care*, Case No. 1:16-cv-515 (N.D. Ohio); *Webber v. Nine Energy*, Case No. 4:15-cv-2406 (S.D. Texas); *Swiger, et al. v. Utz Quality Foods, Inc.*, Case No. 1:15-cv-2196 (M.D. Penn); *Houston, et. al. v. Progressive Casualty Insurance Co.*, Case No. 1:15-cv-01853 (N.D. Ohio); *Hillebrandt, et al. v. Horizontal Wireline Services, LLC, et al.*, Case No. 2:15-cv-1307 (W.D. Pa); *Rucker v. Quality Blow Molding,* Case No. 1:15-cv-1039 (N.D. Ohio); *Green v. H.A.D., Inc.,* Case No. 2:15-cv-933 (S.D. Ohio); *Douglas, et al. v. J&K Subway, Inc.,* Case No. 4:14-cv-2621 (N.D. Ohio); *McPherson v. Horseshoe Cleveland*, Case No. 1:14-cv-02475 (N.D. Ohio); *Smith v. CMHA*, Case No. 1:14-cv-1409 (N.D. Ohio); *Armbruster v. City of Cleveland*, Case No. 1:13-cv-2626 (N.D. Ohio); *Williams v. Beckett Air, Inc.*, Case No. 1:12-cv-2796 (N.D. Ohio); *Welch v. Incept Corporation*, Case No. 5:12-cv-1775 (N.D. Ohio); *Malaj v. Gohlke*, Case No. 1:11-cv-1578 (N.D. Ohio); *Campbell v. Judson Services*, Case No. 1:11-cv-906 (N.D. Ohio); *Murphy v. 1-800-Flowers*, Case No. 1:10-cv-1822 (N.D. Ohio); *Miller v. National Enterprise Systems*, Case No. 1:10-cv-1664 (N.D. Ohio); *Osolin v. Turocy & Watson LLP*, et al, Case No. 1:09-cv-2935 (N.D. Ohio); *Kelly v. National Enterprise Systems*, Case No. 1:09-cv-2268 (N.D. Ohio); *McNelley v. Aldi*, Case No. 1:09-cv-1868 (N.D. Ohio); *Rotuna v. West Customer Management Group*, Case No. 4:09-cv-1608 (N.D. Ohio); *Jackson v. Papa John's*, Case No. 1:08-cv-2791 (N.D. Ohio); *Dillworth v. Case Farms*, Case No. 5:08-cv-1694 (N.D. Ohio);

*Fincham v. Nestlé Prepared Foods Company*, Case No. 1:08-cv-73 (N.D. Ohio); *McGhee v. Allied Waste Industries*, Case No. 1:07-cv-1110 (N.D. Ohio).

Class Counsel's Declaration contains information that demonstrates the reasonableness of the proposed fees and expenses. (*See* Exhibit 4.). The litigation expenses sought to be reimbursed are proper and reasonable. Class Counsel has incurred expenses in the amount of $9,976.55, which included $2,392.56 incurred for issuance and administration of the Notice to approximately 792 potential opt-in plaintiffs, $592.50 incurred for issuance and administration of the Notice to approximately 237 potential eligible settlement participants; $400.00 incurred for the filing fee; $5,400.00 for the mediator's fee, $575.00 for a public records search; and $500.00 for miscellaneous litigation expenses. (*Id.* at ¶ 55.) All expenses were incurred during the course of the litigation of this Action or will be incurred during the administration of the Notice to the Class of the Settlement. (*Id.*)

## IV. <u>CONCLUSION</u>

For the reasons addressed above, the Parties respectfully request that this Court approve the Settlement by entering the proposed Order of Dismissal and Approving Settlement attached as Exhibit 5.

Respectfully submitted,

| | |
|---|---|
| /s/ Lori M. Griffin | /s/ Tara T. Carolan |
| Lori M. Griffin (0085241) | Tara T. Carolan (NY Bar No. 4347795) |
| Chastity L. Christy (0076977) | (admitted pro hac vice) |
| Anthony J. Lazzaro (0077962) | Richard C. Schoenstein (NY Bar No. 2392462) |
| The Lazzaro Law Firm, LLC | (admitted pro hac vice) |
| The Heritage Building, Suit 250 | Tarter Krinsky & Drogin |
| 34555 Chagrin Boulevard | 1350 Broadway |
| Moreland Hills, Ohio 44022 | New York, NY 10018 |
| Phone: 216-696-5000 | Phone: 212-216-1120 |
| Facsimile: 216-696-7005 | Facsimile: 212-216-8001 |
| chastity@lazzarolawfirm.com | rschoenstein@tarterkrinsky.com |
| anthony@lazzarolawfirm.com | |

| | |
|---|---|
| lori@lazzarolawfirm.com | tcarolan@tarterkrinsky.com |
| *Attorneys for Plaintiff* | Jeffrey W. Saks (OH Bar No.  0071571)<br>The Saks Law Office, LLC<br>30799 Pinetree Road #269<br>Pepper Pike, Ohio 44124<br>Phone:  216-255-9696<br>jsaks@sakslawoffice.com<br><br>Attorneys for Defendant |

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2021, a copy of the foregoing *Joint Motion For Approval Of Settlement And Stipulation Of Dismissal With Prejudice* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's system.

/s/ Lori M. Griffin
Lori M. Griffin